UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRIAN B. DEVEREUX and RENEE DEVEREUX,)
                                      )
                Plaintiffs,           )
                                      )
                                      )
v.                                    )        No. 3:17-cv-197-JRG-HBG
                                      )
KNOX COUNTY, TENNESSEE, et al.,       )
                                      )
                Defendants.           )

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion for Narrowly Tailored Relief from Paragraph 7 of the Court's Scheduling Order [Doc. 60] and Plaintiffs' Motion to Extend Discovery Deadline [Doc. 61]. In the former Motion, Defendants request an extension of time to take discovery depositions of any medical doctors whose declarations or affidavits may be filed in response to its pending motion for summary judgment. In the latter Motion, Plaintiffs seek an extension of the discovery deadline by sixty (60) days for all discovery. Plaintiffs state that they need additional time to conduct a Rule 30(b)(6) deposition in light of the potential spoliation problem that has recently arisen. Defendants filed a Response [Doc. 62] in opposition to Plaintiffs' Motion.

The parties appeared via telephone before the Court on August 22, 2018, for a motion hearing. Attorney Richard Collins appeared on behalf of Plaintiffs. Attorney David Wigler appeared on behalf of Defendants. During the telephone conference, Plaintiffs stated that they would like to conduct a site inspection and take a Rule 30(b)(6) deposition. With respect to the Rule 30(b)(6) deposition, Plaintiffs stated that they would like to depose the witness regarding the

alleged unconstitutional policy, in addition to questions about the camera footage taken on the day of the incident. Defendants stated that they objected to any discovery as to the policy because the policy is not in dispute. Defendants stated that with respect to any spoliation issues, they provided Plaintiffs with additional information as to why footage from the first camera was originally produced but not footage from the second camera. In addition, Defendants stated that they have now provided to Plaintiffs the footage from the second camera, along with the Declaration of Paul Cooper, the officer responsible for responding to the FOIA request. Plaintiffs acknowledged that Defendants have stipulated to the policy but stated that their main concern was the camera footage. In addition, Plaintiffs stated that they intended to file a response to Defendants' Motion for Summary Judgment by August 24, 2018. The Court continued the telephone conference so that the parties could review the additional material. In the meantime, Defendants provided the Court with a copy of the information (i.e., Cooper's declaration and all camera footage of the cell) that was recently provided to Plaintiffs.

The Court reconvened the telephone conference on August 28, 2018. Attorneys Collins and Darren Berg appeared on behalf of Plaintiffs. Attorneys Wigler and Houston Havasy appeared on behalf of Defendants. During the telephone conference, Plaintiffs stated that they needed discovery on why Defendants failed to provide the footage from the second camera, despite the 2016 FOIA letter requesting all camera footage. In addition, Plaintiffs stated that they believed the footage from the second camera that was recently produced had been manipulated and that they intended on filing a motion for spoliation of evidence. Plaintiffs requested sixty days for limited discovery on the issue of spoliation. Specifically, Plaintiffs requested that they be permitted to depose Paul Cooper and that they be allowed to take a deposition of a Rule 30(b)(6) witness. In addition, Plaintiffs requested the metadata with respect to the camera footage that was

recently produced and requested that they be permitted to send interrogatories relating to the second camera. Defendants objected to unlimited discovery. With respect to the metadata, Defendants stated that if Plaintiffs provided an expert who could submit a proposal, they would take the proposal to their IT department.

The Court has considered the parties' filings and the oral arguments at the telephonic hearing. The Court observes that Plaintiffs sent a FOIA request on September 2, 2016, requesting "any and all videotape recordings." Defendants acknowledged that all the footage was not provided until recently. Given this development, the Court will allow limited discovery as to the spoliation of evidence. Specifically, the Court will allow Plaintiffs to send a discovery request regarding the metadata with respect to the cameras located in the cell. The parties are expected to work together regarding the metadata discovery as they indicated at the hearing. In addition, the Court will allow Plaintiffs to serve Defendants with interrogatories regarding the second camera and will allow Plaintiffs to take a limited deposition of Paul Cooper. This deposition shall be limited to the information provided in his declaration and information relating to the camera footage of the cell. The Court finds a site inspection and a Rule 30(b)(6) deposition unnecessary at this time. Plaintiffs have not provided a sufficient explanation as to why they did not take a Rule 30(b)(6) deposition with respect to the policy within the original discovery deadline. In addition, Defendants have stipulated to the policy. Further, with respect to the camera footage, the Court has permitted Cooper's deposition and finds that another deposition would be redundant. Further, Plaintiffs have not provided a sufficient explanation as to why a site inspection is necessary or relevant at this stage or why they did not request a site inspection prior to the expiration of the discovery deadline. As Plaintiffs acknowledged at the hearing, the jail cell would

need to be evacuated in order to conduct a site inspection, which the Court finds to be a unnecessary burden.

Finally, given that Plaintiffs did not provide the Declaration of Kenneth J. Gaines, M.D., until August 24, 2018, the Court will allow Defendants to take Dr. Gaines's deposition. The parties will have sixty (60) days within the filing of this Order to complete the above discovery. Accordingly, Defendants' Motion for Narrowly Tailored Relief from Paragraph 7 of the Court's Scheduling Order [**Doc. 60**] is **GRANTED** and Plaintiffs' Motion to Extend Discovery Deadline [**Doc. 61**] is **GRANTED IN PART AND DENIED IN PART.** Further, given that Defendants need to depose Dr. Gaines before filing a reply brief, the Court **GRANTS** their Motion for Extension of Time to Reply to Summary Judgment Response [**Doc. 68**]. Defendants shall file their reply on or before **November 13, 2018**.[1]

**IT IS SO ORDERED**.

ENTER:

*Bruce Guyton*

United States Magistrate Judge

---

[1] The Court observes that Defendants have also filed a Motion to Strike and Exclude Expert Witness Testimony [Doc. 67]. This Motion, however, is not ripe, and the Court will rule on the Motion once the parties have completed briefing.