UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRIAN B. DEVEREUX and RENEE )
DEVEREUX, )
 )
        Plaintiffs, )
 )
v. ) No. 3:17-CV-00197-JRG-HBG
 )
KNOX COUNTY, TENNESSEE, PAUL )
MOBLEY, SHAKER NASSER, HANNA FRYE, )
and GREG MOORE, )
 )
        Defendants. )

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Objections to Magistrate Judge's Order Granting in Part and Denying in Part Plaintiffs' Motion to Extend the Discovery Deadline [Doc. 74] and Defendants' Response in Opposition [Doc. 77]. For the reasons herein, the Court will overrule Plaintiffs' objections.

### I.    BACKGROUND

In this action under 42 U.S.C. § 1983, the parties appeared before Chief United States Magistrate Judge H. Bruce Guyton for a hearing on Plaintiffs Brian B. Devereux and Renee Devereux's Motion to Extend Discovery Deadline [Doc. 61]. At the hearing, the Devereuxs requested a sixty-day extension of all discovery. [*Id.* at 1–3]. They based their request on a need to perform an on-site inspection of Mr. Devereux's former prison cell in the Knox County Detention Center and depose Defendant Knox County, Tennessee, under Federal Rule of Civil Procedure 30(b)(6). [*Id.*; J. Guyton's Order, Doc. 70, at 1]. According to the Devereuxs, an inspection of the cell and a deposition of a Rule 30(b)(6) witness are vital because Knox County

manipulated footage from a camera in Mr. Devereux's cell—a camera that, in their view, should have clearly unequivocally he was suffering symptoms of a stroke but does not. [J. Guyton's Order at 2]. In short, the Devereuxs wanted extended discovery so that they could pursue a motion for spoliation of evidence against Knox County. [*Id.*].

Judge Guyton allowed the Devereuxs to engage in limited discovery on the issue of spoliation. [*Id.* at 3–4]. This limited discovery included permission for the Devereuxs to request metadata from the camera, to serve interrogatories concerning the camera, and to depose Officer Paul Cooper—the officer who oversaw the production of the camera's footage in response to the Devereuxs' discovery request—about the footage. [*Id.* at 3]. Having allowed the Devereuxs to depose Officer Cooper about the footage, Judge Guyton found a Rule 30(b)(6) deposition to be unnecessary. [*Id.*]. As to a site inspection, he determined that the Devereuxs "have not provided a sufficient explanation as to why a site inspection is necessary" or "why they did not request a site inspection prior to the expiration of the discovery deadline." [*Id.*]. He also noted that the Devereuxs acknowledged that a site inspection would require evacuation of the cell, and he further rejected a site inspection as an "unnecessary burden." [*Id.* at 3–4].

Under Federal Rule of Civil Procedure 72, the Devereuxs have filed timely objections to Judge Guyton's order. [Pls.' Objs. at 1]. They object to his denial of their request for a site inspection and for a Rule 30(b)(6) deposition. [*Id.* at 1–2]. The Court will now address their objections.

## II. STANDARD OF REVIEW

A federal magistrate judge has "broad discretion to regulate nondispositive matters." *Diorio v. TMI Hosp.*, No. 4:15-cv-1710, 2017 WL 1399869, at *2 (N.D. Ohio Apr. 19, 2017) (quotation omitted). When reviewing a magistrate judge's recommendation on a non-dispositive

2

issue, the Court must accept it unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This standard of review is "highly deferential" to the magistrate judge's decision-making authority, *Diorio*, 2017 WL 1399869 at *2 (quotation omitted), and a magistrate judge's recommendation is clearly erroneous or contrary to law only if it "leaves the reviewing court with 'a definite and firm conviction that a mistake has been committed,'" *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (quoting *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)). The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

### III. ANALYSIS

Spoliation is "the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *United States v. Copeland*, 321 F.3d 582, 597 (6th Cir. 2003) (citation omitted). When an issue of spoliation arises in a case, federal courts derive their authority to order site inspections under Federal Rule of Civil Procedure 34(a)(2), which permits them to allow "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect . . . the property." In addition, under Rule 30(b)(6), courts may authorize a party to subpoena a government agency for the purpose of "designat[ing] one or more officers, directors, [] managing agents, or . . . other persons who consent to testify on its behalf" on an issue of spoliation. Fed. R. Civ. P. 30(b)(6).

#### A. The Devereuxs' Request for a Site Inspection

As an initial matter, the Court would be remiss if it did not begin by acknowledging Defendants' argument that the Devereuxs have cited "[n]o cases or authorities whatsoever" to buttress their cause. [Defs.' Resp. at 1]. Under Rule 72(a), the "critical inquiry" is whether case

3

law does or does not support a magistrate judge's decision, *Diorio*, 2017 WL 1399869 at *2 (quotation omitted), so the Devereuxs' failure to cite any legal precedent is by itself a basis for the Court to summarily overrule their objections, *see Fairfield v. Wacha*, No. 1:07-cv-948, 2008 WL 584940, at *2 (W.D. Mich. Feb. 28, 2008) (stating that a party's failure to cite any case law rendered his "purported objection the same as no objection at all" (citations omitted)); *see also McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); E.D. Tenn. L.R. 7.1(b) (stating that a party's legal brief "shall include the . . . legal grounds which justify the ruling sought from the Court").

In a two-sentence argument, the Devereuxs merely contend that they are "materially prejudiced by not being allowed to conduct an inspection of the cell." [Pls.' Objs. at 6]. But material prejudice is not the operative legal standard. Rather, clear error is the standard, and the Devereuxs make no demonstrable assertion that Judge Guyton committed this type of error by refusing their entry into the cell. Also, the Court cannot help but notice that Judge Guyton was not inclined to grant their request partly because they did not sufficiently explain why a site inspection was necessary, [J. Guyton's Order at 3], and this same shortcoming now undermines their appeal.

Without *some* effort on the Devereuxs' part to show—with developed legal argument—that Judge Guyton clearly erred or acted contrary to law, the Court, having conducted its own research, cannot hold that his decision is anything but presumptively reasonable, especially in light of the ample discovery that he already awarded to them on the issue of spoliation. *See*

*Hoxie v. Livingston County*, No. 09-CV-10725, 2010 WL 3085461, at *3 (E.D. Mich. Aug. 5, 2010) (allowing a site inspection of a cell when it was "the *only* way" for the plaintiff to obtain the information he sought (emphasis added)); *Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 146 (D. Mass. 2005) ("Before permitting such an intrusion . . . the inquiring party must present at least some reliable information that the opposing party's representations are misleading or substantively inaccurate." (citing *In re Air Crash Disaster at Detroit Metro. Airport*, 130 F.R.D. 641, 646 (E.D. Mich. 1989))); Shira A. Scheindlin, Daniel J. Capra, & The Sedona Conference, *Electronic Discovery and Digital Evidence* 396 (2d ed. 2012) ("Rule 34(a) is not meant to create a routine right of direct access to the opponent's electronic information systems. Court-ordered . . . on-site access . . . can be intrusive and burdensome, causing significant inconvenience and interruption to business operations of the responding party.").

### B. The Devereuxs' Request for a Rule 30(b)(6) Deposition

Next, the Devereuxs take issue with Judge Guyton's decision not to allow them to perform a Rule 30(b)(6) deposition. They appear to argue that Judge Guyton erred because he permitted them to take "a deposition of [Officer Cooper] but not of the County in any way." [Pls.' Objs. at 3]. But this argument is wrong, if not disingenuous. By every appearance from the record, Officer Cooper *is* a Knox County official. [Officer Cooper Decl., Doc. 63-8, ¶ 2].

In this same vein, the Devereuxs fault Judge Guyton by citing a "need, at the very least, to be able to ask the county questions as to where the video was exported and held before being reviewed by [Officer Cooper] and most importantly, the type of software-system [Knox County] has that allowed [Officer Cooper] to download/capture the video." [Pls.' Objs. at 3–4]. But in raising these concerns, they make no attempt to explain why the service of interrogatories, the limited deposition of Officer Cooper, and the collection of metadata—all of which Judge Guyton

5

permitted as discovery—are insufficient means for them to cull the information they request, much less why Judge Guyton's provision of these means constitutes clear error. Without any backing from case law, the Devereuxs' argument reads as little more than a disagreement with how Judge Guyton crafted limited discovery on the issue of spoliation, and the Court lacks license to entertain this type of argument. *See Lafoe v. Comm'r of Soc. Sec.*, No. 1:14-cv-335, 2016 WL 902571, at *2 (E.D. Tenn. Mar. 9, 2016) ("An 'objection' that does nothing more than state a disagreement with a Magistrate Judge's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004))).

In whole, the Devereuxs claim that Judge Guyton "should [have] give[n]" them "carte-blanche authority" to conduct all the discovery that they saw necessary, but the Court is unable to whimsically substitute its own judgment for Judge Guyton's. *See Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 851 (E.D. Tenn. 2003) ("[T]his standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge." (quotation omitted)). Simply, the Court has no power to amend Judge Guyton's order without a showing that he clearly diverged from precedent, and the Devereuxs come up well short of this showing, having cited no precedent and identified no clear error.

### IV. CONCLUSION

The Devereuxs fail to satisfy their burden of showing that Judge Guyton clearly erred or acted contrary to law. The Devereuxs' objections [Doc. 74] are therefore **OVERRULED**, and the report and recommendation [Doc. 70] is **ACCEPTED IN WHOLE**.

So ordered.

ENTER:

                s/J. RONNIE GREER
              UNITED STATES DISTRICT JUDGE