UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRIAN B. DEVEREUX and RENEE DEVEREUX, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )   No. 3:17-CV-00197-JRG-HBG ) |
| KNOX COUNTY, TENNESSEE, PAUL MOBLEY, SHAKER NASSER, HANNA FRYE, and GREG MOORE, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Objections and Renewed Motion to Strike and Exclude Dr. Gaines' Expert Opinions [Doc. 99], Chief United States Magistrate Judge H. Bruce Guyton's Report and Recommendation [Doc. 127], Plaintiffs' Objections to the Report and Recommendation [Doc. 130], and Defendants' Response to Plaintiffs' Objections to Report and Recommendation [Doc. 131]. For the reasons herein, the Court will overrule Plaintiffs' objections and grant Defendants' motion.

### I.   BACKGROUND

On May 15, 2018, Plaintiffs served their disclosure of expert testimony under Federal Rule of Civil Procedure 26(a)(2), listing various medical providers, including Dr. Gaines. [Pls.' Expert Disclosure, Doc. 67-5, at 5]. Plaintiffs' disclosure as to Dr. Gaines states:

> Dr. Gaines is Mr. Devereaux's [sic] treating neurologist. Dr. Gaines has not been retained or specifically employed to provide expert testimony in this case. However, Dr. Gaines is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 concerning the identity, history, nature, scope, treatment, and prognosis of Plaintiff's neurological disorders stemming from the stroke and events giving rise to this action. The facts and opinions to which Dr. Gaines is

expected to testify include diagnosis, cause, and treatment, as well as the opinions of other health care providers with which he consulted.

[*Id.* at 5]. After receiving Plaintiffs' disclosure, Defendants moved to exclude Dr. Gaines from testifying as an expert, contending that the disclosure violated Rule 26(a)(2)(B). [Defs.' Mot. Exclude, Doc. 67]. On November 13, 2018, Judge Guyton determined that the disclosure—as it pertained to Dr. Gaines—was "wholly inadequate" under Rule 26(a)(2)(B) because it "fail[ed] to include any summary of facts and opinions and simply constitutes a statement of the topics." [J. Guyton's Mem. Op., Doc. 91, at 10–11]. Judge Guyton, however, concluded that Plaintiffs' transgressions under Rule 26(a)(2)(B) were harmless, and he therefore declined to exclude Dr. Gaines's testimony and allowed Plaintiffs to take corrective action by filing a supplemental disclosure containing the information that was missing under Rule 26(a)(2)(B). [*Id.* at 15].

A few days later, Plaintiffs filed their supplemental disclosure, which consisted of a declaration from Dr. Gaines; a copy of Dr. Gaines' curriculum vitae, which includes a list of his publications; a list of all other cases in which Dr. Gaines participated as an expert witness; and a statement of compensation. [Pls.' Suppl. Disclosure, Doc. 92, at 1]. In the declaration, Dr. Gaines states:

> I was asked to evaluate Brian Devereaux [sic] as a treating and evaluating physician in my Vanderbilt Clinic Office on September 2, 2016 with subsequent visits on November 11, 2016, January 13, 2017, May 5, 2017, September 15, 2017, and February 9, 2018. . . . My notes from those visits as well as the autonomic and neuropsychological evaluations performed under my direction in addition to his records from the University of Tennessee Hospital and his Primary Care Physician are the source documents that I have reviewed and relied upon in providing my opinions in this case which are offered to a reasonable degree of medical certainty.
>
> . . . .
>
> The initial history was obtained from the patient and his wife and extensive medical records were reviewed. They reported an incarceration for June 3, 2016 at the Knox County Jail in Knoxville. Early in that incarceration he suffered a major neurological change with decrease in level of consciousness. It was not until some

> 5 hours later that he was taken to the University of Tennessee Hospital in Knoxville. Initially it was unclear the nature of his diagnosis. He was subsequently found to have a cerebral infarction. Upon review of his radiological studies it was clear that he had in fact suffered a brainstem and cerebellar infarction.
>
> . . . .
>
> It is my opinion to a reasonable degree of medical certainty that Mr. Devereux suffered a cerebral infarction while incarcerated in Knox County jail in Knoxville at approximately 1700 on June 3, 2016. Because of the failure of personnel at that jail facility to recognize his stroke symptoms, he was not transported in a timely manner that would have allowed him the opportunity to receive appropriate therapy such as tissue plasminogen activator.

[Dr. Gaines' Decl., Doc. 92-1, ¶¶ 4, 6, 7].

Defendants maintained that Dr. Gaines' supplemental disclosure—namely, Dr. Gaines' declaration—was insufficient under Rule 26(a)(2)(B). *See* [Order, Doc. 94]. Judge Guyton however, rejected their argument, determining that "Dr. Gaines's disclosure is sufficient under Rule 26(a)(2)(B)." [*Id.*]. Defendants then objected to Judge Guyton's decision and renewed their motion to exclude Dr. Gaines' testimony. [Defs.' Objs. & Renewed Mot., Doc. 99]. In raising their objections, Defendants argued that "Plaintiffs should have been required to comply with Rule 26(a)(2)(B)(i)–(iii)" in light of Judge Guyton's "earlier . . . conclu[sion] that Dr. Gaines' Declaration was . . . . insufficient." [*Id.* at 12]. To support this argument, Defendants claimed that Plaintiffs did not show that their violation of Rule 26(a)(2)(B) was harmless. [*Id.* at 8–13].

As for their renewed motion, Defendants contended that Dr. Gaines' supplemental disclosure violated Rule 26(a)(2)(B)(ii)–(iii) because Dr. Gaines, during his deposition, revealed for the first time that he had relied on a CT scan to form his opinion that Mr. Devereux suffered a stroke on June 3, 2016, at 1700 hours, while incarcerated in the Knox County Jail. [*Id.* at 9–10]; *see* [Dr. Gaines' Dep., Doc. 100-1, at 21:14–22]. According to Defendants, the absence of any

mention of the CT scan in Dr. Gaines' declaration renders it deficient under Rule 26(a)(2)(B)(ii)–(iii). [Defs.' Objs. & Renewed Mot. at 12].

This Court sustained Defendants' objections to Judge Guyton's memorandum opinion and order from November 13, 2018, finding clear error because Plaintiffs had not been held to their burden to show that their violation of Rule 26(a)(2)(B) was harmless. [Mem. Op. & Order, Doc. 120, at 4–7]. The Court did not address the propriety of Judge Guyton's determination that Plaintiffs' initial disclosure was insufficient under Rule 26(a)(2)(B). Instead, the Court, based on Judge Guyton's conclusion that the disclosure was insufficient, sustained Defendants' objections because Plaintiffs had been permitted to supplement the disclosure without first making a proper showing of harmlessness under Federal Rule of Civil Procedure 37(c)(1). [*Id.*]. The Court then referred Defendants' renewed motion to Judge Guyton for a report and recommendation. [*Id.* at 7].

In considering Defendants' renewed motion, Judge Guyton concluded that Dr. Gaines' supplemental disclosure was insufficient under Rule 26(a)(2)(B)(i)–(iii). [R. & R., Doc. 127, at 18]. He reasoned that Dr. Gaines did not adequately express the "basis and reasons for [his] opinion" that Mr. Devereux suffered a stroke on June 3, 2016, at 1700 hours, while in the Knox County Jail. [*Id.* at 18–19]. Also, Judge Guyton declined to view Dr. Gaines' insufficient supplemental disclosure as harmless because Plaintiffs—as the party with the burden to show harmlessness—never responded to Defendants' renewed motion. [*Id.* at 19]. In sum, he recommended that this Court, in response to Plaintiffs' violation of Rule 26(a)(2)(B), grant Defendants' renewed motion and exclude Dr. Gaines' testimony. [*Id.* at 26]. Plaintiffs timely objected to Judge Guyton's report and recommendation, and the Court, having carefully reviewed their objections, is now prepared to rule on them.

4

## II. STANDARD OF REVIEW

A federal magistrate judge has "broad discretion to regulate nondispositive matters." *Diorio v. TMI Hosp.*, No. 4:15-cv-1710, 2017 WL 1399869, at *2 (N.D. Ohio Apr. 19, 2017) (quotation omitted). When reviewing a magistrate judge's recommendation on a non-dispositive issue, the Court must accept it unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).[1] This standard of review is "highly deferential" to the magistrate judge's decision-making authority, *Diorio*, 2017 WL 1399869 at *2 (quotation omitted), and a magistrate judge's recommendation is clearly erroneous or contrary to law only if it "leaves the reviewing court with 'a definite and firm conviction that a mistake has been committed,'" *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (quoting *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)). The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## III. ANALYSIS

Rule 26(a)(2)(b) contains various requirements for the disclosure of expert testimony, and the rule, in full, states:

> *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > (ii) the facts or data considered by the witness in forming them;
> >
> > (iii) any exhibits that will be used to summarize or support them;

---

[1] Plaintiffs concede that clear error constitutes the appropriate standard of review. *See* [Pls.' Objs. at 1–3].

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

These requirements are "mandatory," and compliance with them has to be "absolute." *Roberts ex rel. Johnson v Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Rule 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Id.* (quotation and citation omitted); *see Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (recognizing that a noncompliant party may avoid sanctions under Rule 37(c)(1) only if "there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless" (quotation omitted)).

If a party violates Rule 26(a) by failing to disclose necessary information or a witness, and that violation is not harmless or substantially justified, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). The party subject to potential sanctions has the burden to prove harmlessness or substantial justification. *Roberts*, 325 F.3d at 782; *Banerjee v. Univ. of Tenn.*, No. 3:17-CV-526-HSM-HGB, 2019 WL 1532865, at *2 (E.D. Tenn. Apr. 9, 2019).

**A. The Sufficiency of Dr. Gaines' Supplemental Disclosure**

Plaintiffs contend that Judge Guyton committed clear error in concluding that Dr. Gaines did not properly explain the basis for his opinion that Mr. Devereux suffered a stroke on June 3, 2016, at 1700 hours, while in the Knox County Jail. [Pls.' Objs. at 1]. According to Plaintiffs, "[t]his is clearly erroneous[] because Dr. Gaines's declaration clearly states that he relied on the entire panoply of medical records from UT, which obviously included the CT Scans." [*Id.*].

6

Plaintiffs also contend that Dr. Gaines is a treating physician and therefore Judge Guyton clearly erred by applying Rule 26(a)(2)(B) rather than Rule 26(a)(2)(C), whose requirements are laxer than Rule 26(a)(2)(B)'s. [*Id.*]. In response, Defendants discredit Plaintiffs' arguments by noting that they have not cited any case law to support them. [Defs.' Resp. at 2]. Defendants also maintain that Plaintiffs have waived many of their arguments because they never raised them before Judge Guyton; instead they raise them before this Court for the first time. [*Id.* at 5, 9].

*1. The Applicability of Rule 26(a)(2)(C)*

The Court begins by emphasizing—as Judge Guyton did—the importance of Dr. Gaines' testimony about the timing of the stroke. Dr. Gaines is Plaintiffs' only expert witness, so his testimony that Mr. Devereux suffered a stroke in the Knox County Jail is, by every appearance, necessary to establish a violation under 42 U.S.C. § 1983—specifically, to establish that a delay in medical treatment resulted in a constitutional violation. *See Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) ("[W]e adopt the holding . . . that '[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" (quotation omitted)); *see also Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) ("*Napier* applies where . . . the prisoner's affliction is seemingly minor or non-obvious. In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury." (citation omitted)); *cf. Burgess v. Fischer*, 735 F.3d 462, 476–77 (6th Cir. 2013) ("Plaintiffs do not assert that [the] facial and head fractures were obvious to a lay person. Indeed, the record suggests that these injuries were discovered only after CT scans were taken at the hospital. [T]hese injuries thus were latent medical injuries, which require a showing that the delay in treatment itself caused a serious medical injury." (citation omitted)).

Despite the enormous importance of Dr. Gaines' testimony to this case's outcome—again, his declaration is the sole source of verifying medical evidence in the record—Plaintiffs never responded to Defendants' renewed motion. So their view that Rule 26(a)(2)(C) "govern[s] the analysis" is not an argument that Judge Guyton had the opportunity to consider when recommending how this Court ought to rule on the renewed motion. [Pls.' Objs. at 1]. Under these circumstances, when a party objects to a report and recommendation by raising arguments that he did not present to the magistrate judge, the Sixth Circuit has routinely declined to consider those arguments. *See AES-Apex Emp'r Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] district court *never* abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited." (emphasis added) (citation omitted)); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver." (citations omitted)); *see also Steele v. Jenkins*, No. 17-4171, 2018 WL 2144073, at *4 (6th Cir. Mar. 5, 2018) ("But [the plaintiff] did not raise this claim in his petition; rather, he presented it for the first time in his objections to the magistrate judge's report and recommendation. He therefore has waived review of this claim." (citation omitted)); *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011) ("Although [the plaintiff] requested the amount of $376,000,000, this request was not made until he filed objections to the magistrate judge's report and recommendation, and need not be considered by this court because it was not first presented to the magistrate judge for consideration." (citing *Murr*, 200 F.3d at 902 n.1)).

Plaintiffs offer this Court no reason, much less a compelling one, as to why it should consider their newfound argument that Rule 26(a)(2)(C) governs the analysis of Dr. Gaines' disclosure. In fact, the Court would be remiss if it did not mention that Judge Guyton long ago specifically ruled, in his memorandum opinion and order from November 13, 2018, that Rule 26(a)(2)(B) and not Rule 26(a)(2)(C) applies to Dr. Gaines' disclosure. [J. Guyton's Mem. Op at 11–14]. Plaintiffs never objected to Judge Guyton's determination that Rule 26(a)(2)(C) was not germane, providing this Court with no occasion to disturb his opinion. The Court will therefore adhere to precedent and summarily reject Plaintiffs' postmortem argument as to the applicability of Rule 26(a)(2)(C) to Dr. Gaines' disclosure. *AES-Apex Emp'r Servs.*, 924 F.3d at 867; *Steele*, 2018 WL 2144073 at *4; *Becker*, 450 F. App'x at 439; *Murr*, 200 F.3d at 902 n.1.

### 2. *The Basis and Reasons for Dr. Gaines' Conclusion*

In contending that Dr. Gaines stated sufficient bases and reasons for his conclusion that Mr. Devereux suffered a stroke on June 3, 2016, at 1700 hours, while in the Knox County Jail, Plaintiffs highlight the fact that his disclosure "clearly states that he relied on the entire panoply of medical records from UT, which obviously included the CT Scans." [Pls.' Objs. at 1]. In doing so, Plaintiffs appear to argue that an expert's reference to medical records in a disclosure is sufficient to satisfy Rule 26(a)(2)(B)(i)–(iii). The Court, in addressing this argument, begins with Defendants' counterargument that Plaintiffs cite no legal authority to support their position. Indeed, Plaintiffs cite not a single case anywhere in their roughly two-page objection to Judge Guyton's report and recommendation.

Several months ago, when the Court overruled Plaintiffs' objections to Judge Guyton's order from September 15, 2018, it did so partly because they cited no case law to support their cause. The Court, at that time, wrote that "[w]ithout *some* effort on the Devereuxs' part to

9

show—with developed legal argument—that Judge Guyton clearly erred or acted contrary to law, the Court . . . cannot hold that his decision is anything but presumptively reasonable[.]" [Mem. Op. & Order, Doc. 119, at 4]. The Court explained to Plaintiffs then—and it explains to them here again—that the critical inquiry in determining whether a federal magistrate judge has committed clear legal error is "whether case law does or does not support a magistrate judge's decision." [*Id.* at 3–4 (citing *Diorio*, 2017 WL 1399869 at *2)].

The Court cannot possibly conclude that Judge Guyton clearly erred or acted contrary to law without a showing on Plaintiffs' part that his decision is in fact contrary to the case law that governs Rule 26(a)(2)(B)—and the Court is under no obligation to conduct research on their behalf. *See Fairfield v. Wacha*, No. 1:07-cv-948, 2008 WL 584940, at *2 (W.D. Mich. Feb. 28, 2008) (stating that a party's failure to cite any case law rendered his "purported objection the same as no objection at all" (citations omitted)); *see also McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); E.D. Tenn. L.R. 7.1(b) ("Briefs shall include. . . [the] legal grounds which justify the ruling sought from the Court.").

Plaintiffs' objection, without legal authority to back it, reads merely as a request for the Court to substitute its own judgment for Judge Guyton's, but the Court lacks license to disturb Judge Guyton's decision even if it disagrees with his assessment of Dr. Gaines' disclosure. *See Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 851 (E.D. Tenn. 2003) ("[T]his standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge."); *see also Diorio*, 2017 WL 1399869 at *2 (observing that the "nondispositive

review standard is highly deferential" to the magistrate judge's decision-making authority (quotation omitted)). Again, Plaintiffs must rely on precedent to establish that Judge Guyton's decision is clearly erroneous or contrary to law before the Court can act, but they have not done so, having, frankly, ignored the Court's previous guidance and specifications as to this legal standard.

In any event, the Court's review of case law does not leave it with a firm and definite conviction that Judge Guyton committed clear error or acted contrary to law. As Judge Guyton recognized in his report and recommendation, the Sixth Circuit has acknowledged that expert reports under Rule 26(a) "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (quotation omitted). Dr. Gaines does not state in his disclosure that he relied on the CT scan to reach the crucial conclusion that Mr. Devereux suffered a stroke on June 3, 2016, at 1700 hours, in the Knox County Jail. *See generally Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) ("Rule 26(a) generally serves to 'allow[] both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case.'" (quoting *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000))). While Dr. Gaines did inform Defendants during his deposition that he drew this conclusion from the CT scan, Judge Guyton pointed out that case law does not support the proposition that a party can cure a deficient Rule 26(a)(2) disclosure through an expert's deposition testimony. [R. & R. at 20]; *see generally Roberts*, 325 F.3d at 782 (stating that compliance with Rule 26(a)'s requirements must be "absolute").

And despite Plaintiffs' contention otherwise, Dr. Gaines' mere reference to "medical records," as Plaintiffs phrase it, is not a specific enough articulation of how Dr. Gaines reached

his conclusion—that is, not specific enough to enable the Court to conclude that Judge Guyton *clearly* erred in finding Dr. Gaines' disclosure to be inadequate under Rule 26(a)(2)(B). *See Tate v. Bionx-Linvatec*, No. 06-69-DLB, 2009 WL 10676044, at *7 (E.D. Ky. Mar. 4, 2009) ("Rule 26(a)(2)(B) requires disclosures of very specific and detailed information."); *see also Tyler v. Pacific Indem. Co.*, No. 10-cv-13782, 2013 WL 183931, at * (E.D. Mich. Jan. 17, 2013) ("Rule 26(a)(2)(B) requires that the parties provide an extensive expert witness report for each such witness[.]"); *cf. R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905, 911 (N.D. Ohio. 2008) ("[The expert's] report requires Defendants to trudge through 197 pages to find for themselves which page(s) support each [of the expert's] conclusions. Rule 26(a)(2)(B) requires far more than the lackluster effort put forward by [the expert] in this report."), *affirmed R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262 (6th Cir. 2010); *see Arneson v. Mich. Tissue Bank*, No. CV 05-189-M-JCL, 2007 WL 4698986, at *5 (D. Mont. Mar. 26, 2007) ("[T]he absence of a statement of *how* the medical records support the conclusions[] do[es] not satisfy the Rule 26(a)(2)(B) requirements." (emphasis added) (citing *Giladi v. Strauch*, No. 94 Civ. 3976 RMBHBP, 2001 WL 388052, at *4–5 (S.D.N.Y. Apr. 16, 2001))).

In fact, Dr. Gaines' reference to "medical records" as the basis for his opinion about the timing of Mr. Devereux's stroke would arguably not even satisfy Rule 26(a)(2)(C)'s relatively pliant requirements, *see* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment (noting that Rule 26(a)(2)(C) requires a disclosure that is "considerably less extensive than the report required by Rule 26(a)(2)(B)"), let alone Rule 26(a)(2)(B)'s rigid requirements, *see Branes v. CSXT Transp., Inc.*, No. 3:13-CV-00525-DJH, 2017 WL 1334303, at *10 (W.D. Ky. Apr. 7, 2017) (observing that a "plaintiff's reference to voluminous medical records does not qualify as an adequate summary of facts and opinions" under Rule 26(a)(2)(C)); *Ingram v. Novartis Pharms.*

*Corp.*, 282 F.R.D. 563, 564–65 (W.D. Okla. 2012) (determining that the plaintiff's treating physicians' reference to unspecified testimony "in accordance with" plaintiff's medical records was insufficient under Rule 26(a)(2)(C)); *Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1059 (S.D. Iowa 2003) (recognizing that "a mere reference to medical records," without more, violates Rule 26(a)(2)(C) (citation omitted)). In sum, the Court is unable to conclude that Judge Guyton clearly erred or acted contrary to law by finding that Dr. Gaines' disclosure is insufficient under Rule 26(a)(2)(B).

### B. Harmlessness or Substantial Justification

Plaintiffs next argue that "even assuming that Dr. Gaines's report is deficient," Judge Guyton erred by concluding that their failure to comply with Rule 26(a)(2)(B) is not substantially justified. [Pls.' Objs. at 1–2]. In response, Defendants' contend that Plaintiffs raise this argument of substantial justification "for the first time" and have therefore "waived [it] because it was never presented to the Magistrate Judge." [Defs.' Resp. at 4–5].

Judge Guyton expressly stated that Plaintiffs never raised an argument of substantial justification in response to Defendants' renewed motion, and he therefore declined to find that Plaintiffs' violation of Rule 26(a)(2)(B) was substantially justified: "Given that Plaintiffs did not respond to Defendants' Renewed Motion, the Court cannot find that the insufficient disclosure is harmless or substantially justified." [R. & R. at 19]. This Court can identify no clear error in Judge Guyton's reasoning or his conclusion—again, the burden rests on Plaintiffs, as the party subject to potential sanctions under Rule 37(c)(1), to raise and show substantial justification. *Roberts*, 325 F.3d at 782; *Banerjee*, 2019 WL 1532865 at *2. Having failed to argue substantial justification before Judge Guyton, they cannot attempt to do so now before this Court for the first

13

time. *AES-Apex*, 924 F.3d at 867; *Murr*, 200 F.3d at 902 n.1; *Steele*, 2018 WL 2144073 at *4; *Becker*, 450 F. App'x at 439.

And even if Plaintiffs had not waived this argument, it would still falter because, again, they cite no legal authority to undergird it. *See McPherson*, 125 F.3d at 995–96; *Fairfield*, 2008 WL 584940 at *2; E.D. Tenn. L.R. 7.1(b). The Sixth Circuit has adopted a five-factor test to determine whether a party's deficient disclosure is substantially justified:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe*, 801 F.3d at 747.[2] Plaintiffs do not cite or address any one of these five factors. Instead, they fault Judge Guyton for retracting his "earlier ruling" that Dr. Gaines' disclosure, after its supplementation, was sufficient, and they insist that they "were lucky to even get the declaration in the first place, which Dr. Gaines was under no obligation to provide." [Pls.' Objs. at 2]. But against the spirit of the five-factor test, Plaintiffs do not address, with either of these arguments, the effect of their *own* failure to properly supplement Dr. Gaines' disclosure after Judge Guyton originally found it to be deficient, on November 13, 2018. Besides, if anything, this Court's determination that Judge Guyton erred on November 13, 2018—by allowing Plaintiffs to file the supplemental disclosure without first making a proper showing of harmlessness—vitiates the supplemental disclosure and leaves intact only the initial disclosure. *See How*e, 801 F.3d at 747 (stating that a noncompliant party may avoid sanctions under Rule 37(c)(1) only if "there is a

---

[2] Citing Rule 37's Advisory Committee Notes, the Sixth Circuit has also applied a bipartite test for harmlessness, which requires "[1] an honest mistake on the part of [the party subject to potential sanctions] [2] coupled with sufficient knowledge on the part of the other party." *Roberts*, 325 F.3d at 783 (quotation omitted); *see Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) ("Nothing in the present case suggests that the failure to disclose Dr. Loomis in a timely manner was the result of an honest mistake. Nor did the defendants have sufficient knowledge of him or his opinions, since the first hint that he might have some involvement in the case came . . . months after the expert-disclosure deadline.").

reasonable explanation of why Rule 26 was not complied with or the mistake was harmless" (quotation omitted)). As to this initial disclosure, Judge Guyton determined that it was "wholly inadequate." [J. Guyton's Mem. Op. at 10].

In sum, the Court cannot conclude that Judge Guyton clearly erred or acted contrary to law by recommending that it grant Defendants' renewed motion and exclude Dr. Gaines' testimony, including his declaration. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."); *Roberts*, 325 F.3d at 782 (stating that Rule 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified" (quotation omitted)); *see also R.C. Olmstead*, 606 F.3d at 277 ("I join the court's opinion, and write briefly to emphasize that it was not only permissible, but salutary that the district court chose to enforce Rule 26(a)(2)(B) by striking [the plaintiff's] expert report. The report was patently noncompliant with the Rule." (Kethledge, J., concurring)); *Hunt v. Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015) ("Exclusion of expert testimony is the 'standard sanction' for a violation of Rule 26.'" (quotation omitted)). The Court will therefore not consider Dr. Gaines' declaration as evidence at the summary-judgment stage. Fed. R. Civ. P. 37(c)(1).

## IV. CONCLUSION

Plaintiffs fail to satisfy their burden of showing that Judge Guyton clearly erred or acted contrary to law. Plaintiffs' objections [Doc. 130] are therefore **OVERRULED**, and Judge Guyton's report and recommendation [Doc. 127] is **ACCEPTED IN WHOLE**. Defendants' Renewed Motion to Strike and Exclude Dr. Gaines' Opinions [Doc. 99] is **GRANTED**.

So ordered.

ENTER:

                                                      s/J. RONNIE GREER
                                       UNITED STATES DISTRICT JUDGE